United States District Court
Southern District of Texas
**ENTERED**
October 13, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Kimberly Hoof, | § | |
| *Plaintiff*, | § | |
| v. | § | Civil Action No. 4:25-cv-02114 |
| Safeco Insurance Company of Indiana, | § | |
| *Defendant*. | § | |

**MEMORANDUM AND RECOMMENDATION**

On September 23, 2026, this Court entered an order directing Plaintiff Kimberly Hoof to show cause why her claims should not be dismissed for want of prosecution. Dkt. 17. Hoof's failure to respond, coupled with her failure to participate in this case, merits dismissing all claims without prejudice.

After Hoof's attorney withdrew on July 25, 2025, *see* Dkt. 8 (granting Dkt. 6), Hoof has done nothing to advance this case. Hoof failed to confer with counsel for Defendant American Economy Insurance Company[1] and prepare the Joint Discovery Case Management Plan. *See* Dkt. 9 at 1 (noting counsel's multiple unsuccessful attempts to reach Hoof). She then failed to appear at

[1] Defendant maintains that Hoof incorrectly named it as Safeco Insurance Company of Indiana. *See* Dkt. 9 at 1 (Joint Discovery Case Management Plan).

the September 26, 2026 initial conference, despite being warned that failure to do so could result in "sanctions" that include "dismissal of the action ...." *See* Dkt. 3 at 1-2; Minute Entry (September 26, 2025) (noting Hoof's failure to appear). Hoof then failed to respond to Defendant's February 16, 2026 discovery requests, prompting Defendant to submit a request for leave to file a motion to compel. *See* Dkt. 14 at 1-2.

This Court set a hearing for September 23, 2026, to address Defendant's pre-motion conference request. *See* Dkt. 16. When setting that hearing, this Court made clear that Hoof was required to attend the hearing, and that failure to comply could "result in sanctions, including monetary penalties or dismissal of all claims." Dkt. 16 (emphasis removed).

Hoof ignored the Court's order. She did not appear at the pre-motion hearing. As a result, and in addition to authorizing Defendant's request to file a motion to compel, this Court ordered Hoof to show cause, by October 9, 2026, "why her claims should not be dismissed for want of prosecution, including for failing to comply with this Court's orders." Dkt. 17 at 1-2. Hoof did not respond to that order either.

Hoof's wholesale failure to prosecute her case, coupled with her disregard of court orders, implicates Fed. R. Civ. P. 41(b). Rule 41(b) authorizes this Court to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules] or a court order ...." Fed. R. Civ. P. 41(b). This dismissal

may be done *sua sponte*. *See Maxey v. Citizens Nat'l Bank of Lubbock, Tex.*, 459 F.2d 56, 57 (5th Cir. 1972) (affirming *sua sponte* dismissal for failure to prosecute where plaintiff failed to respond to show cause order); *see also Campbell v. Wilkinson*, 988 F.3d 798, 800 (5th Cir. 2021) ("It is well established that Rule 41(b) permits dismissal not only on motion of the defendant, but also on the court's own motion."); *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (citing Fed. R. Civ. P. 41(b) for principle that "a district court may dismiss an action sua sponte if the plaintiff fails to comply with court orders").

Dismissal without prejudice is the appropriate course here. Hoof has not appeared at any of the hearings she was required to and directed to attend. And she has disregarded multiple court orders, including those commanding her attendance and, most recently, directing her to justify why her claims should not be dismissed. Given her wholesale failure to prosecute this case, Hoof's claims should be dismissed.

## Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Plaintiff Kimberly Hoof's claims be **DISMISSED** for want of prosecution, Fed. R. Civ. P. 41(b), and that Defendant's motion to compel discovery (Dkt. 18) be **DENIED AS MOOT**. It is further **RECOMMENDED** that this Court enter

a separate final judgment under Fed. R. Civ. P. 58(a) stating that Hoof's claims be **DISMISSED WITHOUT PREJUDICE**.

The Clerk of Court is directed to send a copy of this opinion to Hoof by email and regular mail to her record addresses.

**The parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error. *Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015).**

Signed on October 13, 2026, at Houston, Texas.

Yvonne Y. Ho
United States Magistrate Judge